NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRISTINE WARNER,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY *et al.*,<br><br>    Defendants. | No. 25cv14770 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Christine Warner filed a complaint bringing various claims against Deutsche Bank National Trust Company ("Deustche Bank"), Stern & Eisenberg, P.C. ("S&E"), and various John and Jane Does, for violation of her civil rights under 42 U.S.C. § 1983, violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 ("FDCPA"), and for contract claims "under federal law." D.E. 1 ("Complaint" or "Compl.") at 2.

Warner also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Warner demonstrates financial need, the Court **GRANTS** her IFP Application. However, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed the Complaint, the Court **DISMISSES** it ***without prejudice.***

I.    BACKGROUND

Warner alleges that she had some "property interest subject to federal statutory protections relating to fiduciary obligations and debt collection practices." Compl. at 2. She states that Defendants did not provide her with consideration to complete certain (unexplained and unidentified) transactions that led to a debt obligation. *Id.* According to Warner, this debt obligation "arose through book-entry accounting, securitization, and assignment of payment

streams" and incurred "no lawful lending or risk to the Defendants." *Id.* Warner does not explain or identify what the debt is, what the transactions were, or what she means by accounting, securitization, and "assignment of payment streams."

Warner alleges that she raised the above concerns regarding this debt obligation with the New Jersey Department of Banking and Insurance and with the New Jersey Office of the Comptroller of the Currency. *Id.* She claims that she alerted these agencies to "misrepresentation of creditor status, lack of standing, and improper foreclosure practices." *Id.*

Following Warner's complaints, Defendants pursued foreclosure proceedings against Warner. *Id.* Warner does not identify what the foreclosure proceedings concerned but she claims that Defendants improperly represented themselves as a lawful creditor despite their "absence of direct lending, ownership of the note, or authority to enforce the obligation." *Id.* Warner does not explain what note she refers to nor what exactly the debt obligation was. Warner alleges that she did not receive "a full and accurate accounting of the alleged debt" nor did she receive "the chain of title to the note [or] source of funds." *Id.* Warner does not explain what funds she refers to. Warner also alleges that state judicial processes were improperly used to enforce the debt. *Id.* Warner does not explain what state judicial processes she refers to.

Warner claims financial harm, reputational damage, and emotional distress. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant establishes that she cannot afford to pay the costs of her suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

Courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[1]    28 U.S.C. § 1915(e)(2)(B).    Under the screening determination, complaints may also be dismissed for failure to state a claim.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

As Warner proceeds *pro se,* the Court holds the Complaint to a less stringent standard than one drafted by an attorney.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  However, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor can *pro se* plaintiffs "flout procedural rules—they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Courts may also *sua sponte* dismiss an IFP plaintiff's complaint if the underlying causes of action clearly fall outside the applicable statute of limitations.  *Rogers v. Perez*, No. 25-1215,

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

2025 WL 847848, at *1 (D.N.J. Mar. 18, 2025) (citing *Johnstone v. United States*, 880 F. Supp 148, 154 (E.D. Pa. 1997)).

III.    ANALYSIS

A.    **The Court Grants Warner's IFP Application**

Warner states that her spouse has about $3,931 in income per month and that her household expenses amount to about $3,984.81 per month.  IFP Application at 2, 5.  She attests that she has $200 in a checking account, and she has signed the affidavit of poverty.  *Id.* at 1-2.  Warner has established her inability to pay the costs of this action.  *Walker*, 886 F.2d at 601.  The Court therefore **GRANTS** Warner's IFP Application.

B.    **The Court Dismisses Warner's Civil Rights Claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For example, a state employee "acting in his official capacity or while exercising his responsibilities pursuant to state law" is a state actor for purposes of § 1983.  *Id.* at 50.

Warner names as Defendants Deutsche Bank and S&E.  Neither Deustche Bank nor S&E are state actors.  Warner also names as Defendants John and Jane Does, but their identities and roles are not even intimated within the Complaint.  Warner's Complaint, which appears to primarily challenge a debt that Deutsche Bank charged against Warner, therefore fails to name a state actor.  The Court therefore **DISMISSES** Warner's § 1983 claims *without prejudice*.

C.    **The Court Dismisses Warner's Unfair Debt Collection Practices Claim**

To state a claim for an FDCPA violation, a plaintiff must establish that:  (1) she is a consumer who was harmed by violations of the FDCPA; (2) the debt at issue arose out of a

transaction entered into primarily for personal, family, or household purposes; (3) defendant is a debt collector; and (4) defendant violated a provision of the FDCPA by an act or omission. *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014) (citing *Donahue v. Reg'l Adjustment Bureau, Inc.*, No. 12-1460, 2013 WL 1285469, at *3 (E.D. Pa. Mar. 28, 2013)). Adequately pleading such an FDCPA claim therefore requires that Warner's pleadings explain the nature and amount of the debt, the dates and times Defendants contacted Warner about the debt, and the method of content of those communications. *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (explaining that an FDCPA claim must include certain basic information). Additionally, FDCPA claims must be brought within one year on which the violation occurs. *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir 2012) (quoting 15 U.S.C. § 1692k(d)).

The standard serves to "ensure that the FDCPA protects all consumers, the gullibles as well as the shrewd." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996)). It also serves to "preven[t] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *Nat'l Fin. Servs.*, 98 F.3d at 136).

Warner's Complaint does not provide sufficient factual allegations to state a claim under the FDCPA. Warner alleges that she has a property interest but does not say what that property interest is. Compl. at 2. Warner then explains that the debt at issue arose "through book-entry accounting, securitization, and assignment of payment streams without lawful lending or risk." *Id.* The Court does not know what book-entry accounting, securitization, or payment streams she refers to, nor why these actions are relevant, nor how these actions resulted in a debt. The Court does not even know what the alleged debt concerned, how much it was, nor when Warner incurred

it.[2]  Warner further claims that Defendants "failed to provide a full and accurate accounting of the alleged debt, including the chain of title to the note and the source of funds."  *Id.*  The Court does not know what "source of funds" means here, nor why there must be a chain of title for a debt. Furthermore, Warner alleges that this mystery debt was enforced using the state judiciary in violation of due process and equal protection.  *Id.*  The Court cannot discern what that due process or equal violation might have been.  Warner makes some references to a foreclosure, which may be relevant to the "chain of title" and "state judicial processes" that Warner mentions but the Court is not sure.  Indeed, the Court cannot be sure because Warner does not explain.  Finally, in addition to the identified problems above, Warner collectively refers to "Defendants" throughout her pleadings.  Compl.  As a result, even if the Court understood the references that Warner provides, the Court would still be at a loss as to which Defendant performed what act.

Accordingly, Warner's Complaint does not explain the basis for her FDCPA claim, nor does it explain against whom in particular she brings it.  The Court therefore **DISMISSES** Warner's FDCPA claim ***without prejudice***.

**D.      The Court Will Not Reach Warner's Unjust Enrichment Claim**

Warner alleges "lack of consideration and unjust enrichment under federal law."  Compl. at 2.  Consideration is a required element to enforce contract rights.  *See, e.g.*, *Martindale v. Sandvik*, 173 N.J. 76, 87 (2002).  Contract claims and unjust enrichment claims arise under state common law, not federal law.  *See, e.g.*, *Knierim v. Simens Corp.*, No. 06-4935, 2008 WL 906244, at *18 (D.N.J. Mar. 31, 2008) (analyzing subject matter jurisdiction over contract claims because they are state law claims).  Attaching the term "under federal law" does not change the nature of

---

[2] Warner's claims may also be barred by the applicable statute of limitations but because Warner provides no dates, the Court cannot determine whether her claims are justiciable.

these claims.  Because Warner does not adequately plead a federal claim, the Court does not have

jurisdiction to reach her state claims.

> **E.   Res Judicata, Rooker-Feldman, and the Eleventh Amendment May Also Bar
> Warner's Claims**

The Court takes judicial notice that Deutsche Bank, represented by S&E, sued Warner in

New Jersey State Court in 2024, in *Deutsche Bank National Trust Co. v. Warner*, No. F-6812-24

(N.J. Super. Ct., Law Div.) ("State Court Action").  *See Francis v. Atlantic Law Firm*, No. 17-

1270, 2017 WL 5714006, at *1 (D. De. Nov. 27, 2017) (taking judicial notice of a prior action

involving Deutsche Bank and its attorneys).  The Superior Court of New Jersey granted summary

judgment against Warner on May 1, 2025.  *See* State Court Action at Trans ID: CHC2025141036

(Order for Summary Judgment).  Although Warner attempted to vacate and oppose the order, the

Superior Court's judgment stood.  *See id.* at Trans ID: CHC2025302253.  Warner appears to

challenge Deutsche Bank's enforcement of that debt and appears to rope in the law firm that

represented Deustche Bank and the state judicial employees[3] who were part of those proceedings.

*Res judicata* applies to bar re-litigation of an adjudicated claim between parties.

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 392 (3d Cir.

2002).  To the extent that Warner seeks to relitigate the issues she lost on in the Superior Court of

New Jersey, her action cannot be maintained.  *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x

583, 584 (3d Cir. 2006) (affirming district court's dismissal of IFP applicant's complaint because

plaintiff sought to relitigate claims that had already been adjudicated in a different case).

Accordingly, if Warner files an amended proposed complaint, she should provide sufficient

information for this Court to evaluate her claims on *res judicata* grounds.

---

[3] Because Warner does not name or identify the roles of the unnamed John and Jane Does, this
Court speculates, based on Warner's § 1983 claim, that she may be attempting to sue state judicial
employees.  The Court, however, cannot be sure.

To the extent that Warner seeks review of issues decided by the Superior Court of New Jersey, Law Division, such review would also be barred under *Rooker-Feldman*. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006) ("The *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483-84 (1983))). *Rooker-Feldman* prevents district courts from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 281 (2005)).

Finally, to the extent that Warner seeks to challenge the actions of state judicial employees (Jane and John Does), Warner's claims would be barred by the Eleventh Amendment to the United State Constitution and would be properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). Under the Eleventh Amendment, states are immune from suits brought in federal courts by their own citizens. *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). Eleventh Amendment immunity extends to states, their agencies, and their employees acting in an official capacity. *Shain v. Delaware*, 563 F. App'x 196, 198 (3d Cir. 2014). "It is settled law in New Jersey that the state judiciary is an integral part of the state and, consequently, all claims against it are barred by the Eleventh Amendment." *Gencarelli v. Superior Ct. of N.J.*, No. 04-3322, 2005 WL 1490590, at *3 (D.N.J. June 21, 2005). Therefore, if Warner seeks to sue the judicial employees who participated in the State Court Action against her, her suit would be barred.

8

**IV.    CONCLUSION**

Because Warner fails to state any claim, the Court **DISMISSES** Warner's Complaint *without prejudice*.  Warner will be given **45 days** to submit a proposed amended complaint to cure the deficiencies identified herein.   Accordingly,

**IT IS**, on this 22nd day of December 2025, for the foregoing reasons,

**ORDERED** that Warner's IFP Application, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that Warner's Complaint, D.E. 1, is **DISMISSED** *without prejudice* pursuant to U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it further

**ORDERED** that Warner may file a proposed amended complaint within **45 days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and

**ORDERED** that the Clerk of Court shall **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Warner via regular mail.

_____
Evelyn Padin, U.S.D.J.

9